BANKERS TRUST COMPANY, Respondent, *v.* JACQUES NAGLER, Appellant, et al., Defendant.

First Department, June 19, 1962.

*Stanley Hochroth* for appellant.

*Charles Leeds* of counsel (*Emanuel Miller,* attorney), for respondent.

*Per Curiam.* Plaintiff, the owner and holder of four promissory notes, brought action against the maker after payment of such notes had been refused. The defendant in his answer generally denies the allegations of the complaint and interposes as an offset to plaintiff's claim a debt allegedly due and owing by the payee of said notes to defendant because of payee's failure to honor two of payee's promissory notes.

Plaintiff moved for summary judgment pursuant to rule 113 of the Rules of Civil Practice, asserting that it is a holder in due course and as such the defense of offset cannot be raised against it (Negotiable Instruments Law, §§ 91, 96). In its supporting papers plaintiff states it discounted the notes and credited the payee-depositor's account with the balance. In opposition defendant claims that plaintiff was merely the payee's agent for collection. Plaintiff does not allege nor does it appear from the record that the proceeds of such notes were withdrawn or used by the payee prior to the receipt by plaintiff of notice of any defenses to payment.

The law is clear that where a bank in a case of this kind claims to be a holder in due course, not only must it show that it credited the payee's account with the proceeds of such notes, but that the proceeds were subsequently withdrawn or availed of by the payee before it received notice of any defense (*Albany County Bank* v. *People's Ice Co.,* 92 App. Div. 47; Negotiable Instruments Law, § 93; cf. Uniform Laws, Uniform Commercial Code (1958 official text), § 3–303, Comment 3; L. 1962, ch. 533, eff. Sept. 27, 1964).

Plaintiff, on this record, has failed to meet the issue raised by appellant that it did not part with the proceeds and is therefore not a holder in due course.

Accordingly, the judgment appealed from should be reversed on the law and the facts, the motion for summary judgment

denied with costs to the appellant, but with leave to plaintiff to renew upon a proper showing, which it is within its power to make, of the value given for the notes, the time when such value was given and the time when the notes were received.

BREITEL, J. P., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Judgment unanimously reversed on the law and the facts, with costs to the appellant, the motion for summary judgment denied but with leave to plaintiff to renew upon a proper showing, which it is within its power to make, of the value given for the notes, the time when such value was given and the time when the notes were received. Settle order on notice.