■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant, v ISRAMKOR, LTD., et al., Respondents.—Order entered in the Supreme Court, New York County, on December 8, 1975 denying summary judgment in an action based upon an instrument for the payment of money only (CPLR 3213), affirmed, without costs or disbursements. We agree with Special Term that there are issues of fact with respect to plaintiff's exact status and with respect to whether plaintiff's transferor was paid. Defendants purchased goods from Alpha Textile Industry, Ltd., located in Israel. Alpha drew its draft to the order of its bank, United Mizrahi Bank of Tel Aviv (UMB). On February 15, 1974 UMB credited its customer's account in the amount of the draft. On February 20, 1974 UMB forwarded the draft to plaintiff with instructions to present same for acceptance to defendants and to collect when due and deposit the proceeds in UMB's account with a New York bank. Plaintiff's counsel concede that the plaintiff has only whatever rights UMB has on the instrument. On February 21, 1974 the defendant signed the draft payable 120 days thereafter. Before the due date, defendants notified plaintiff that they would not pay the draft, claiming nonconforming goods and fraud. Upon learning that the defendants would not honor the draft, UMB debited Alpha's ordinary account and credited Alpha's loan account in the same amount. On these facts, supported by the record, the defendants maintain that issues have been raised as to whether UMB is a holder in due course and whether UMB has been paid in full. We agree that such issues exist. UMB advanced the money to Alpha, apparently on Alpha's credit, one week before the draft was signed by the defendants. Upon learning that the draft would not be paid, UMB promptly debited Alpha's account, thus recouping the moneys advanced on the draft. Thus, defendants assert that UMB was a mere collection agent and not a holder in due course. Furthermore, there is no allegation that UMB paid any money to Alpha upon receipt of the draft, it being alleged only that UMB credited the account of Alpha, and it does not clearly appear that Alpha drew any funds from said credit. This raises an issue as to whether UMB was a holder in due course. (See *Bankers Trust Co. v Nagler,* 16 AD2d 477.) In affirming, we have not considered the merits, nor do we express any opinion thereon. We hold only that there are triable questions of fact sufficient to defeat summary judgment. Concur—Murphy, Lupiano and Nunez, JJ.; Markewich, J. P., and Capozzoli, J., dissent in the following memorandum by Capozzoli, J.: The one clear fact that stands out without contradiction is that nowhere is it claimed by these defendants that

they paid the draft or any part thereof. We cannot agree that because of some internal bookkeeping entry made by the bank to show the condition of this loan account, this arrangement was a payment so as to inure to the benefit of the defendants. This did not change the status of the plaintiff as the assignee of United Mizrahi Bank of Tel Aviv, who was a holder in due course. Accordingly, we dissent and would grant plaintiff's motion for summary judgment.